Jason E. Barsanti (SBN 235807)
jbarsanti@cozen.com
Brett Greving (SBN 270883)
bgreving@cozen.com
**COZEN O'CONNOR**
501 W. Broadway, Suite 1610
San Diego, CA 92101
Telephone: 619-234-1700
Facsimile: 619-234-7831

Attorneys for Defendant
**ESSENDANT CO.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO F. CHERAZO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ESSENDANT CO., an Illinois corporation and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 5:21-cv-01358<br><br>**DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1332(d)(2), 1441, 1446, AND 1453**<br><br>Complaint Filed: July 12, 2021<br><br>Removed: August 12, 2021 |

DEFENDANT'S NOTICE OF REMOVAL

## **TABLE OF CONTENTS**

Page

I. PLEADINGS, PROCESS AND ORDERS........................................................................ 1
II. THIS COURT HAS JURISDICTION ............................................................................. 1
III. VENUE IS PROPER ........................................................................................................ 2
IV. DEFENDANT HAS SATISFIED THE REQUIREMENTS FOR REMOVAL ............ 2
   A. This Removal Petition is Timely ............................................................................. 2
   B. The Procedural Requirements of Removal Are Met............................................... 2
V. THIS COURT HAS JURISDICTION UNDER CAFA .................................................. 3
   B. Plaintiff Asserts A Class Action Against Defendant ............................................... 4
   C. The Number of Putative Class Members Exceeds 100........................................... 4
   D. Defendant is not a Governmental Entity................................................................. 5
   E. There Is Diversity Between At Least One Class Member And Any One Defendant............... 5
   F. The Amount in Controversy Exceeds $5,000,000 .................................................. 6
      1. Plaintiff's Second Cause of Action (Unpaid Overtime Wages) ........................................... 8
      2. Plaintiff's Third Cause of Action (Unpaid Meal Premiums).................................. 9
      3. Plaintiff's Fourth Cause of Action (Unpaid Rest Premiums) ............................................ 10
      4. Plaintiff's Fifth Cause of Action (Final Wages Not Timely Paid) ..................................... 11
      5. Plaintiff's Sixth Cause of Action (Non-compliant Wage Statements) ............................... 12
      6. Minimum Amount in Controversy for Plaintiff's Claims.................................... 12
VI. Second cause of action = $310,728 ............................................................................... 12
VII. Third cause of action = $8,900,157.60 .......................................................................... 12
VIII. Fourth cause of action = $8,900,157.60........................................................................ 12
IX. Fifth cause of action = $2,394,948 ................................................................................ 12
X. Sixth cause of action = $1,417,800................................................................................ 13
      7. Attorney's Fees .................................................................................................... 13
XI. CONCLUSION............................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Bodner v. Oreck Direct, LLC*,
   No. C 0604756, 2006 WL 2925691 (N.D. Cal. Oct. 12, 2006) ................................ 4

*Dart Cherokee Basin Operating Co. v. Owens*,
   135 S.Ct. 547 (2014) ................................................................................................ 3

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ................................................................................ 13

*Hertz Corp. v. Friend*,
   130 U.S. 1181 (2010) ............................................................................................... 5

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
   199 F. Supp. 2d 993 (C.D. Cal. 2002) ................................................................ 6, 10

*Lew v. Moss*,
   797 F.2d 747 (9th Cir. 1986) .................................................................................... 5

*Lewis v. Verizon Communications, Inc.*,
   627 F.3d 395 (9th Cir. 2010) .................................................................................... 6

*Lowdermilk v. U.S. Bank Nat'l Ass'n*,
   479 F.3d 994 (9th Cir. 2007) .................................................................................. 13

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999) ................................................................................................. 2

*Rippee v. Boston Market Corp.*,
   408 F. Supp. 2d 982 (S.D. Cal. 2005) ...................................................................... 6

*Standard Fire Ins. Co. v. Knowles*,
   133 S.Ct. 1345 (2013) ............................................................................................ 13

*State Farm Mut. Auto. Ins. Co. v. Dyer*,
   19 F.3d 514 (10th Cir. 1994) .................................................................................... 5

*Valdez v. Allstate Ins. Co.*,
   372 F.3d 1115 (9th Cir. 2004) .................................................................................. 6

**State Cases**

*Cortez v. Purolator Air Filtration Products Co.*,
   23 Cal. 4th 163 (2000) .......................................................................................... 7

*Pineda v. Bank of Am., N.A.*,
   50 Cal. 4th 1389 (2010) ...................................................................................... 11

**Federal Statutes**

28 U.S.C. § 84(a) ........................................................................................................ 2

28 U.S.C. § 1331 ..................................................................................................... 1, 2

28 U.S.C. § 1332(c)(1) ................................................................................................ 5

28 U.S.C. § 1332(d)(1)(B) ........................................................................................... 3

28 U.S.C. § 1332(d)(2) ............................................................................................ 1, 3

28 U.S.C. § 1332(d)(2)(A) ....................................................................................... 5, 6

28 U.S.C. § 1332(d)(5) ................................................................................................ 3

28 U.S.C. § 1332(d)(5)(B) ........................................................................................... 5

28 U.S.C. § 1332(d)(6) ............................................................................................ 3, 7

28 U.S.C. § 1391 ......................................................................................................... 2

28 U.S.C. § 1441 ................................................................................................... 1, 14

28 U.S.C. § 1446 ..................................................................................................... 1, 2

28 U.S.C. § 1446(a) ................................................................................................ 2, 3

28 U.S.C. § 1446(b) .................................................................................................... 2

28 U.S.C. § 1446(d) .................................................................................................... 2

28 U.S.C. § 1453 .................................................................................................. 1, 2, 6

Class Action Fairness Act ................................................................................ *passim*

Class Action Fairness Act of 2005 29 U.S.C. § 1332(d) ..................................... 1, 2, 7

**State Statutes**

Cal. Bus. & Prof. Code § 17200 ............................................................................... 1

Cal. Bus. & Prof. Code § 17208 ............................................................................... 7

Cal. Code Civ. Proc. § 338(a) ................................................................................. 11

Cal. Code Civ. Proc. § 340(a) ................................................................................. 12

Cal. Code Civ. Proc. § 382 ....................................................................................... 4

California Labor Code § 201 ............................................................................. 1, 12

California Labor Code § 202 ................................................................................... 1

California Labor Code § 204 ............................................................................. 1, 12

California Labor Code § 226 ................................................................................. 12

California Labor Code § 226(a) ............................................................................... 1

California Labor Code § 226.7 ................................................................................ 1

California Labor Code § 510 ................................................................................... 1

California Labor Code § 512(a) ............................................................................... 1

California Labor Code § 1174(d) ............................................................................. 1

California Labor Code § 1194 ................................................................................. 1

California Labor Code § 1197 ................................................................................. 1

California Labor Code § 1197.1 .............................................................................. 1

California Labor Code § 1198 ................................................................................. 1

California Labor Code § 2698 ................................................................................. 1

California Labor Code § 2800 ................................................................................. 1

California Labor Code § 2802 ................................................................................. 1

California Unfair Competition Law ......................................................................... 7

California Unfair Competition Law, Business and Professions Code § 17200, *et seq.* ................................................................................................ 7

UCL ....................................................................................................................... 7

**Rules**

Federal Rule of Civil Procedure, Rule 6(a)(1)(C) ........................................... 2

Federal Rules of Civil Procedure, Rule 8(a) .................................................. 3

Federal Rules of Civil Procedure, Rule 11 .................................................... 2

Federal Rules of Civil Procedure, Rule 23 .................................................... 3

**Regulations**

Senate Judiciary Committee Report, S. REP. 109-14 ................................ 6, 7

**Other Authorities**

*Lara v. Trimac Transp. Servs. Inc.*,
    No. CV 10- 4280-GHK ........................................................................... 6

PLEASE TAKE NOTICE that Defendant ESSENDANT CO. ("Essendant" or "Defendant"), hereby removes to this Court the state court action described below, pursuant to 28 U.S.C. §§ 84, 1331, 1332(d)(2), 1441, 1446, and 1453. In support thereof, Defendant states as follows:

## I. PLEADINGS, PROCESS AND ORDERS

1. On July 12, 2021, this putative class action was commenced and is currently pending against Defendant in the Superior Court of California, County of Los Angeles as Case No. 21STCV25368, entitled *ROBERTO F. CHERAZO, individually and on behalf of all others similarly situated, Plaintiff, vs. ESSENDANT CO., an Illinois corporation; and DOES 1 - 10, inclusive, Defendants.*

2. The Complaint asserted the following causes of action: (1) Failure To Pay Minimum and Regular Rate Wages (California Labor Code §§ 204, 1194, 1194.2, and 1197); (2) Failure to Pay Overtime Compensation (California Labor Code §§ 1194 and 1198); (3) Failure to Provide Meal Periods (California Labor Code §§ 226.7 and 512); (4) Failure to Authorize and Permit Rest Breaks (California Labor Code § 226.7); (5) Failure to Timely Pay Final Wages at Termination (California Labor Code §§ 201-203); (6) Failure to Provide Accurate Itemized Wage Statements (California Labor Code § 226); and (7) Unfair Business Practices (California Business & Professions Code §§ 17200, et. seq.); (**Exhibit A**, Complaint.)

## II. THIS COURT HAS JURISDICTION

3. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA") 29 U.S.C. § 1332(d), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred (100) members; (b) in which any member of a class of plaintiffs is a citizen of a State different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. §1332(d). CAFA authorizes removal of such actions

DEFENDANTS' NOTICE OF REMOVAL

in accordance with 28 U.S.C. §§ 1446 and 1453. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

4. Pursuant to 28 U.S.C. § 1446(a), a notice of removal must: (1) be signed pursuant to Rule 11 of the Federal Rules of Civil Procedure; (2) contain a "short and plain statement of the grounds for removal"; and (3) be accompanied by a copy of all process, pleadings, and orders served on Defendant in the action.

### III.   VENUE IS PROPER

5. With respect to this petition for removal, venue is proper in this Court pursuant to 28 U.S.C. sections 84(c), 1391 and 1446, this action was originally brought in the Superior Court of California for the County of Los Angeles (Case No. 21STCV25368).

### IV.   DEFENDANT HAS SATISFIED THE REQUIREMENTS FOR REMOVAL

#### A.   This Removal Petition is Timely

6. Plaintiff personally served the Summons and Complaint on Defendant on July 13, 2021, as attested by the Notice of Service of Process in **Exhibit B.** Pursuant to 28 U.S.C. section 1446(b) and Federal Rule of Civil Procedure, Rule 6(a)(1)(C), this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after Defendant was served with the Summons and Complaint and within one (1) year after commencement of this action. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 356 (1999) (30-day removal period runs from the service of the summons and complaint).

#### B.   The Procedural Requirements of Removal Are Met

7. On August 12, 2021, prior to the filing of Defendant's Notice of Removal, Defendant filed and served an Answer to Plaintiff's Complaint in the Superior Court. A true and correct copy of the Answer and the accompanying proof of service is

attached as **Exhibit C**. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendant are attached as "**Exhibit D**" to this Notice of Removal.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a "Notice to State Court and Adverse Parties of Removal of Action" (to include a copy of this Notice of Removal and all Exhibits) will be promptly filed with the Clerk of the Superior Court in Los Angeles County, and served on all other parties to this action.

**V.   THIS COURT HAS JURISDICTION UNDER CAFA**

8.   In its decision in *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547 (2014), the United States Supreme Court clarified the standards applicable to notices of removal in CAFA cases, confirming a liberal standard in favor of removing Defendant. Specifically the Supreme Court found that the similarity of language between the removal statute and Rule 8(a) can only mean that the same liberal pleading standards applied to complaints must also apply to notices of removal. *Id*.  The Supreme Court also held in *Dart* that a removing defendant is **not required** to include evidence with its pleading in order to establish that the elements of federal subject matter jurisdiction are met.  *Id.* at 552-553.  Only if the Court or another party challenges jurisdiction should the Court require a removing defendant to prove, under the applicable "preponderance" standard, that the jurisdictional requirements are met.  "In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."  *Id.* at 554.  In addition, there exists no "presumption against removal" in CAFA cases, because CAFA was specifically enacted by Congress "to facilitate adjudication of certain class actions in federal court." *Id*.

9.  Under CAFA, federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated amount in controversy exceeds $5 million (exclusive of costs and interest). *See* 28 U.S.C. §§ 1332(d)(2), d(5), and (d)(6). CAFA applies to certain "class actions," which the statute defines as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute." 28 U.S.C. § 1332(d)(1)(B).

**B.   Plaintiff Asserts A Class Action Against Defendant**

10.  Plaintiff plainly brings this lawsuit as a class action. The Complaint itself is titled "CLASS ACTION COMPLAINT", Plaintiff states in the second paragraph that Plaintiff "brings the First through Seventh Causes of Action individually and as a class action on behalf of herself [sic] and certain current and former employees of Defendants" and states in the Class Action Allegations section that "Plaintiff brings certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure § 382." (**Exhibit A**, Complaint at Caption and ¶¶ 2, 20.) Accordingly, CAFA applies. *E.g.*, *Bodner v. Oreck Direct, LLC*, No. C 0604756, 2006 WL 2925691, at *3 (N.D. Cal. Oct. 12, 2006) (CAFA applies where "Plaintiffs' complaint alleges that the action is a class action, and recites the prerequisites to a class action under . . . California Code of Civil Procedure Section 382").

**C.   The Number of Putative Class Members Exceeds 100**

11.  Plaintiff seeks to represent a class of all persons who worked for any Defendants in California as an hourly-paid, non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent." (**Exhibit A**, Complaint at ¶ 22.)

12.  Plaintiff himself alleges that the putative class is estimated to be greater than 100 individuals and also alleges that the identity of such membership is "readily

ascertainable by inspection of Defendants' records." (**Exhibit A**, Complaint at ¶ 25(a).) Thus, as defined in the Complaint, the putative class exceeds 100. Based upon inspection of Defendant's records the number of individuals employed by Defendant as hourly-paid, non-exempt employee in California during the time period from July 12, 2017 to the present exceeds 1,200.

### D. Defendant is not a Governmental Entity

13. Under 28 U.S.C. § 1332(d)(5)(B), CAFA does not apply to class actions where "primary Defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

14. Defendant is a corporation incorporated in Illinois and is not a state, state official or other government entity exempt from CAFA.

### E. There Is Diversity Between At Least One Class Member And Any One Defendant

15. CAFA's minimal diversity requirement is satisfied, inter alia, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

16. Plaintiff has conceded that he is a resident of California. (**Exhibit A**, Complaint at ¶ 7.) Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by a party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"). At the time Plaintiff commenced this action and at the time of removal, Plaintiff alleged that he resided in the State of California. (**Exhibit A**, Complaint at ¶ 7.) Therefore, Plaintiff is a citizen of California for diversity purposes.

17. Conversely, Defendant is not citizen of California. It is citizen of Illinois. For diversity purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities." See *Hertz Corp. v. Friend,* 130 U.S. 1181, 1192-93 (2010). At the time this action was commenced in state court, Defendant was, and remains, a Illinois corporation with its principal place of business in Deerfield, Illinois, where it has its corporate offices and headquarters, and where Defendant's executive and administrative functions are located.

18. Accordingly, the named Plaintiff is a citizen of a state different from Defendant, and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

### F. The Amount in Controversy Exceeds $5,000,000[1]

19. CAFA's $5,000,000 threshold for the "amount in controversy," is not the same as the amount ultimately recovered. *Lara v. Trimac Transp. Servs. Inc.*, No. CV 10- 4280-GHK JCx, 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010). Rather, in assessing the amount in controversy, courts must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiffs' complaint, not what a defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). After all, "the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon*

---

[1] The alleged damage calculations set forth in the instant Notice of Removal are provided for purposes of removal only and based on the presumption of truth to which Plaintiff's allegations are entitled. Defendant denies that Plaintiff or any putative class member is entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's claims and his alleged damages at every stage of this case.

*Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). Additionally, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated"); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (stating that "[t]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint") (citations omitted).

20. Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. REP. 109-14 at 42. In addition, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. REP. 109-14 at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case … **[Section 1332(d)] should be read broadly, with a strong preference that interstate class actions should be heard in federal court if removed by the defendant**." (emphasis added)]

21. In calculating the amount in controversy, the claims of class members may be aggregated to determine whether the amount in controversy has been satisfied. 28 U.S.C. § 1332(d)(6).

22. Plaintiff's Complaint is silent as to the total amount in controversy. However, as demonstrated herein, the Plaintiff's allegations, when accepted as true, place more $5,000,000 in controversy in this lawsuit. By demonstrating that the amount in controversy exceeds the CAFA threshold, Defendant

in no way concedes the validity of Plaintiff's claims in any respect or the likelihood that Plaintiff will obtain certification or recover anything.

23. With respect to his claims for unpaid wages, Plaintiff's Seventh Cause of Action alleges violation of the California Unfair Competition Law ("UCL"), Business and Professions Code § 17200, *et seq.* (*See* **Exhibit A**, Complaint ¶¶ 71 - 89.) Alleging a UCL violation extends the statute of limitations on certain of Plaintiff's wage claims from three to four years. *See* Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolator Air Filtration Products Co.,* 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL); (*See also* **Exhibit A**, Complaint, at Prayer for Relief, 3 (specifically seeking to recover restitution under the UCL).)

　　　　　　1.　　Plaintiff's Second Cause of Action (Unpaid Overtime Wages)

24. Plaintiff's second cause of action alleges that Defendant required Plaintiff and other Putative Class Members to work in excess of eight (8) hours in a day without paying overtime wages to Plaintiff and other putative class members. (**Exhibit A**, Complaint at ¶ 43.) Plaintiff further alleges that Defendants failed to pay Plaintiff and Class Members the additional premium rate compensation for their overtime hours worked. (**Exhibit A**, Complaint at ¶ 53.)

25. Plaintiff's allegations with respect to his overtime claims do not adequately state the number of hours of overtime worked or the amount of overtime owed. It is also unclear whether the class members were alleged to have been denied the whole of the time-and-a-half their regular rate owed them or if they were paid straight time for hours worked beyond eight (8) in a day so are merely seeking the remaining half-time of their regular rate. (**Exhibit A**, Complaint at ¶¶ 39-47.) For that reason, Defendant bases its calculations on the lower of each possibility for purposes of determining the amount in controversy.

26. Defendant's calculations are based on the following information obtained from Defendant's payroll data:

- During the class period starting with July 12, 2017 and proceeding to the present, Defendant employed approximately 1,233 Putative Class Members and worked at least 100,227 workweeks.

- During the class period starting with July 12, 2017 and proceeding to the present, the average hourly rate of pay for Putative Class Members was more than $17.76. Thus, the pay rate for calculating the amount in controversy for Plaintiff's second cause of action is at least $8.88 per hour of overtime worked.[2]

- During the class period starting with July 12, 2017 and proceeding to the present, Putative Class Members worked at least 34,992 overtime hours.

27. Therefore, applying Plaintiff's allegations that Defendant did not pay an 1.5 X overtime premium for these overtime hours, the amount in controversy for Plaintiff's second cause of action amounts to at least **$310,728**, which is reached by multiplying the number of overtime hours Putative Class Members worked **x** the overtime rate of $8.88 per hour (34,992 x $8.8 = 310,728). This does not account for double-time hours, which would add an additional amount in controversy to the Overtime Cause of Action.

### 2. Plaintiff's Third Cause of Action (Unpaid Meal Premiums)

28. With respect to his meal periods claim, Plaintiff alleges that Defendant regularly failed to provide he and Putative Class Members with legally complaint meal periods by the start of the sixth hour of work (or by the start of the eleventh hour for the second meal period) by failing to permit and authorize Plaintiff and the putative class to take all meal periods or made it impossible or impracticable to take these uninterrupted meal periods. (**Exhibit A**, Complaint at ¶ 50.) Plaintiff further alleges that one of the common questions of fact in this case is whether Defendant "failed to

---

[2] This rate interprets Plaintiff's allegations to mean that he is only seeking overtime at the rate of .5 times the regular hourly rate based on the allegation that he and the Putative Class Members were not paid a premium for their overtime hours worked. If his vague allegations are intended to claim that he and Putative Class Members were not paid **at all** for their overtime hours worked, the amount in controversy for his second cause of action would increase.

provide meal periods and pay meal period premium wages to Class Members." (**Exhibit A**, Complaint at ¶ 24(b).) Plaintiff alleges that he and Putative Class Members are entitled to be paid one additional hour of pay at the employee's rate of compensation for each work day that a compliant meal period was not provided. (**Exhibit A**, Complaint at ¶ 51.) Plaintiff also alleges that Defendant had a policy and practice to not provide meal periods to Plaintiff and the putative Class in compliance with California law. (**Exhibit A**, Complaint at ¶ 16.)

29. Based on a review of Defendant's records, Putative Class Members' shifts regularly exceeded five (5) hours per day.

30. Thus, based on Plaintiff's allegation that he and the Putative Class Members were regularly denied legally-compliant meal periods when they worked more five (5) hours in a shift, coupled with the frequency of which Putative Class Members actually worked five or more hours in a workweek, the amount in controversy for Plaintiff's third cause of action for meal period premiums is equal to **$8,900,157.60** based on the calculation of 100,227 workweeks x 5 per workweek x the average hourly rate or $17.76.

### 3. Plaintiff's Fourth Cause of Action (Unpaid Rest Premiums)

31. With respect to his rest breaks claim, Plaintiff alleges that Defendant regularly failed to authorize legally complaint rest breaks for each 4-hour period by failing to permit and authorize Plaintiff and the putative class to take all rest breaks or made it impossible or impracticable to take these uninterrupted rest breaks. (**Exhibit A**, Complaint at ¶ 54.) Plaintiff further alleges that one of the common questions of fact in this case is whether Defendant "failed to authorize and permit rest periods and pay rest period premium wages to Class Members." (**Exhibit A**, Complaint at ¶ 24(c).) Plaintiff alleges that he and Putative Class Members are entitled to be paid one additional hour of pay at the employee's rate of compensation for each work day that a compliant meal period was not provided. (**Exhibit A**, Complaint at ¶ 55.) Plaintiff also

alleges that Defendant had a policy and practice to not provide meal periods to Plaintiff and the putative Class in compliance with California law. (**Exhibit A**, Complaint at ¶ 17.)

32. Based on a review of Defendant's records, Putative Class Members' shifts regularly exceeded four (4) hours per day.

33. Thus, based on Plaintiff's allegation that he and the Putative Class Members were regularly denied legally-compliant rest breaks when they worked more four (4) hours in a shift, coupled with the frequency of which Putative Class Members actually worked four or more hours in a workweek, the amount in controversy for Plaintiff's third cause of action for rest breaks premiums is equal to **$8,900,157.60** based on the calculation of 100,227 workweeks x 5 per workweek x the minimum average hourly rate or $17.76.

### 4. Plaintiff's Fifth Cause of Action (Final Wages Not Timely Paid)

34. With respect to his fifth cause of action for waiting time penalties, Plaintiff alleges, without qualification, that Defendant failed and continues to fail to pay Plaintiff and the other class members who were no longer employed their wages within seventy-two (72) hours of termination. (**Exhibit A**, Complaint at ¶ 58.) Plaintiff seeks to recover each employee's wages which continue to accrue for 30 days following their termination. (**Exhibit A**, Complaint at ¶ 61, Complaint at Prayer for Relief, No. 26.) The statute of limitations on Plaintiff's waiting time penalties claim is three years. *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1404 (2010); see also Cal. Civ. Proc. Code § 338(a).

35. Based on a review of Defendant's employment records, Defendant has had more than 545 Putative Class Members terminate their employment within the three year statute of limitations. Using the average rate of pay for the past three years according to Defendant's pay data, which is over $18.31, as the applicable rate of pay, and assuming a conservative average shift length of 8 hours, the amount in controversy


for Plaintiff's waiting time claim is more than **$2,394,948**, based on the calculation of the number of terminated Putative Class Members x the average rate of pay x 8 hours x 30 days.

      5.    <u>Plaintiff's Sixth Cause of Action (Non-compliant Wage Statements)</u>

36.    With respect to his non-compliant wage statement claims, Plaintiff alleges, without qualification, that Defendant intentionally and willfully failed to provide Plaintiff and the Putative Class Members with complete and accurate wage statements. (**Exhibit A**, Complaint at ¶ 65.)  Under the Labor Code section 226, the penalty for non-compliant wage statements is $50 for the initial pay period in which a violation occurs and $100 for subsequent pay periods, up to maximum of $4,000 per affected employee. Claims for non-compliant wage statements are subject to a one-year statute of limitations.  *See* Cal. Code Civ. Proc. § 340(a).

37.    During the one-year preceding filing, Defendant employed more than 556 Putative Class Members in the State of California.  Accordingly, with twenty-six (26) pay periods at issue, the amount in controversy for Plaintiff's fifth cause of action for inaccurate wage statements is **$1,417,800** based on the calculation of 556 (number of Putative Class Members) x $50 (initial pay period) + $100 x 25 (subsequent pay periods).

      6.    <u>Minimum Amount in Controversy for Plaintiff's Claims</u>

38.    Based on the foregoing, the amount in controversy for Plaintiff's claims exceeds the $5,000,000 threshold.  Specifically, the **minimum** amounts placed into controversy by most, but not all, of Plaintiff's causes of action are:

- **Second cause of action = $310,728**
- **Third cause of action = $8,900,157.60**
- **Fourth cause of action = $8,900,157.60**
- **Fifth cause of action = $2,394,948**

1       ▪ **Sixth cause of action = $1,417,800**

2     39.    Thus, the total **minimum** amount placed in controversy by Plaintiff's Complaint is well over $5,000,000.

            7.    <u>Attorney's Fees</u>

    40.    Attorneys' fees are also includable in the amount in controversy where the underlying statute authorizes an award of fees. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) *overruled on other grounds by Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345 (2013). Plaintiff is seeking attorneys' fees with respect to every cause of action. (**Exhibit A**, Complaint at Prayer for Relief.) The Ninth Circuit has recognized 25% as an appropriate benchmark for fee awards in class action cases. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Under that benchmark, and based on the demonstrated amount in controversy for causes action one through seven it is reasonable to place the attorneys' fees in controversy at a minimum of $5,400,000. Adding that amount to the previously calculated minimum values only serves to underscore the conclusion that this case easily exceeds the $5,000,000 threshold.

**VI.    CONCLUSION**

    41.    This Court has original jurisdiction over Plaintiff's claims by virtue of the Class Action Fairness Act. To the extent that this Court lacks original jurisdiction over any of Plaintiff's claims, it has supplemental jurisdiction over those claims. This action is thus properly removable to federal court pursuant to 28 U.S.C. § 1441. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests the opportunity to submit evidence, points and authorities supporting the removal of this action.

    WHEREFORE, Defendant removes the above-action to this Court.

-13-
DEFENDANT'S NOTICE OF REMOVAL
LEGAL\53640489\1

| | | |
|---|---|---|
| 1 | Dated: August 12, 2021 | COZEN O'CONNOR |

By: */s/ Jason E. Barsanti*
Jason E. Barsanti
Brett Greving
Attorneys for Defendant
**ESSENDANT CO.**

-14-
DEFENDANT'S NOTICE OF REMOVAL
LEGAL\53640489\1

1 Dated: August 12, 2021        COZEN O'CONNOR

By: */s/ Jason E. Barsanti*
Jason E. Barsanti
Brett Greving
Attorneys for Defendant
**ESSENDANT CO.**