# EXHIBIT A

COPY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 12 2021

Sherri R. Carter, Executive Officer/Clerk of Court

By: Kristina Vargas, Deputy

1  Seung Yang (SBN 249857)
       seung.yang@moonyanglaw.com
2  Brett Gunther (SBN 306448)
       brett.gunther@moonyanglaw.com
3  **MOON & YANG, APC**
   1055 W. Seventh St., Suite 1880
4  Los Angeles, California 90017
   Telephone: (213) 232-3128
5  Facsimile: (213) 232-3125

6  Attorneys for Plaintiff Roberto F. Cherazo

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF LOS ANGELES**

10

11 ROBERTO F. CHERAZO, individually, and on      Case No.:  **21STCV25368**
   behalf of all others similarly situated,
12                                                **CLASS ACTION COMPLAINT:**
                  Plaintiff,
13                                                1. Failure to Pay Minimum and Regular Rate
                                                     Wages [Cal. Lab. Code §§ 204, 1194,
14    vs.                                            1194.2, and 1197];
                                                  2. Failure to Pay Overtime Compensation
15                                                   [Cal. Lab. Code §§ 1194 and 1198];
   ESSENDANT CO., an Illinois corporation; and   3. Failure to Provide Meal Periods [Cal. Lab.
16 DOES 1 through 10, inclusive,                     Code §§ 226.7, 512];
                                                  4. Failure to Authorize and Permit Rest
17              Defendants                           Breaks [Cal. Lab. Code §§ 226.7];
                                                  5. Failure to Timely Pay Final Wages at
18                                                   Termination [Cal. Lab. Code §§ 201-203];
                                                  6. Failure to Provide Accurate Itemized
19                                                   Wage Statements [Cal. Lab. Code § 226];
                                                     and
20                                                7. Unfair Business Practices [Cal. Bus. &
                                                     Prof. Code §§ 17200, et seq.].
21
                                                  **DEMAND FOR JURY TRIAL**
22

23

24

25

26

27

28

                           CLASS ACTION COMPLAINT

1

## <u>TABLE OF CONTENTS</u>

INTRODUCTION & PRELIMINARY STATEMENT ................................................................ 1

THE PARTIES .............................................................................................................. 3

     A.   Plaintiff .......................................................................................................... 3

     B.   Defendants ..................................................................................................... 3

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION ............................................ 7

CLASS ACTION ALLEGATIONS .................................................................................. 10

FIRST CAUSE OF ACTION ......................................................................................... 11

SECOND CAUSE OF ACTION ..................................................................................... 12

THIRD CAUSE OF ACTION ........................................................................................ 14

FOURTH CAUSE OF ACTION ..................................................................................... 14

FIFTH CAUSE OF ACTION ......................................................................................... 15

SIXTH CAUSE OF ACTION ........................................................................................ 19

SEVENTH CAUSE OF ACTION ................................................................................... 21

PRAYER FOR RELIEF ................................................................................................ 21

DEMAND FOR JURY TRIAL ....................................................................................... 24

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Roberto F. Cherazo ("Plaintiff"), based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

## INTRODUCTION & PRELIMINARY STATEMENT

1.     Plaintiff brings this action against Defendants Essendant Co., and Does 1 through 10 (collectively referred to as "Defendants") for California Labor Code violations and unfair business practices stemming from Defendants' failure to pay minimum and regular rate wages, failure to pay overtime wages, failure to provide meal periods, failure to authorize and permit rest periods, failure to maintain accurate records of hours worked and meal periods, failure to timely pay all wages to terminated employees, and failure to furnish accurate wage statements.

2.  Plaintiff brings the First through Seventh Causes of Action individually and as a class action on behalf of herself and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members" and defined more fully below).The Class consists of Plaintiff and all other persons who have been employed by any Defendant in California and classified as a non-exempt employee during the statute of limitations period applicable to the claims pleaded here.

3.  Defendants own/owned and operate/operated an industry, business, and establishment within the State of California, including Los Angeles County. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business & Professions Code.

4.  Despite these requirements, throughout the statutory period Defendants maintained a systematic, company-wide policy and practice of:

      (a)    Failing to pay employees for all hours worked, including all minimum wages, overtime wages, in compliance with the California Labor Code and IWC Wage Orders;

      (b)    Failing to maintain accurate records of the hours employees worked;

1

(c)     Failing to provide employees with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay for each workday a meal period violation occurred;

(d)     Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay for each workday a rest period violation occurred;

(e)     Willfully failing to pay employees all minimum wages, overtime wages, meal period premium wages, and rest period premium wages due within the time period specified by California law when employment terminates; and

(f)     Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders.

5.   On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

6.   At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and the Class. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

## THE PARTIES

**A.** **Plaintiff**

7.   Plaintiff is a California resident who worked for Defendants, as a shipping associate from approximately October 2020 to March 2021.

8.   Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

**B.** **Defendants**

9.   Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant Essendant Co. is:

        (a)   An Illinois corporation with its principal place of business in Los Angeles, California;

        (b)   A business entity conducting businesses in numerous counties throughout the State of California, including in Los Angeles County;

        (c)   The former employer of Plaintiff, and the current and/or former employers of the putative Class. Essendant suffered and permitted Plaintiff and the Class to work, and/or controlled their wages, hours, or working conditions; and

        (d)   At all times was and is doing business as Freedom Forever

10.   Plaintiff does not know the true names or capacities of the persons or entities sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names. Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiff and the Class as alleged herein.  Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

11.   At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the Plaintiff and the Class in the State of California.

CLASS ACTION COMPLAINT

1     12.    Plaintiff is informed and believes and thereon alleges that at all relevant times

2    each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and

3    the other employees described in the class definitions below, and exercised control over their

4    wages, hours, and working conditions.  Plaintiff is informed and believes and thereon alleges

5    that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer,

6    director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest

7    and/or predecessor in interest of some or all of the other Defendants, and was engaged with some

8    or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to

9    some or all of the other Defendants so as to be liable for their conduct with respect to the matters

10    alleged below.  Plaintiff is informed and believes and thereon alleges that each Defendant acted

11    pursuant to and within the scope of the relationships alleged above, that each Defendant knew or

12    should have known about, and authorized, ratified, adopted, approved, controlled, aided and

13    abetted the conduct of all other Defendants.

14    **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

15    13.    Plaintiff worked for Defendants as a shipping associate from approximately

16    October 2020 to March 2021. At all times Defendants classified Plaintiff as non-exempt from

17    California's overtime requirements. During the statutory time period, Plaintiff was typically

18    scheduled to work at least 5 days in a workweek, and typically in excess of 8 hours in a single

19    workday.

20    14.    Throughout the statutory period, Defendants failed to pay Plaintiff for all hours

21    worked (including minimum wages and overtime compensation), failed to provide Plaintiff with

22    uninterrupted meal periods, failed to authorize and permit Plaintiff to take uninterrupted rest

23    periods, failed to maintain accurate records of the hours Plaintiff worked, failed to timely pay all

24    final wages to Plaintiff when Defendants terminated Plaintiff's employment, and failed to furnish

25    accurate wage statements to Plaintiff.  As discussed below, Plaintiff's experience working for

26    Defendants was typical and illustrative.

27    15.    Throughout the statutory period, Defendants maintained a policy and practice of

28    not paying Plaintiff and the Class for all hours worked, including all overtime wages.  For

example, Plaintiff and the Class were required to work "off the clock" during their employment, without compensation.  This included undergoing COVID temperature checks prior to clocking in each workday, and security checks after clocking out at the end of the shift, both requiring Plaintiff and the Class to wait in line as well, uncompensated.  In maintaining a practice of not paying all wages owed, Defendants failed to maintain accurate records of the hours Plaintiff and the Class worked.

16.     Throughout the statutory period, Defendants have wrongfully failed to provide Plaintiff and the Class with legally compliant meal periods.  Defendants regularly, but not always, required Plaintiff and the Class to work in excess of five consecutive hours a day without providing a 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff and the Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work.  Defendants did not adequately inform Plaintiff and the Class of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work.  Defendants also did not have adequate policies or practices to document and verify whether Plaintiff and the Class were taking their required meal periods.  Accordingly, Defendants' policy and practice was to not provide meal periods to Plaintiff and the Class in compliance with California law.

17.     Throughout the statutory period, Defendants have wrongfully failed to authorize and permit Plaintiff and the Class to take timely and duty-free rest periods. Defendants regularly, but not always, required Plaintiff and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff and the Class for rest periods that were not authorized or permitted.  Further, Plaintiff and the Class were not authorized to take a third rest period in those instances where they worked in excess of 10 hours per workday.  Accordingly, Defendants' policy and practice was to not authorize and permit Plaintiff and the Class to take rest periods in compliance with California law.

18.     Throughout the statutory period, Defendants willfully failed and refused to timely pay Plaintiff and the Class at the conclusion of their employment all wages, including overtime wages, meal period premium wages, and rest period premium wages.  Also for former employees, Plaintiff and the Class did not receive their final paychecks upon termination.

19.     Throughout the statutory period, Defendants failed to furnish Plaintiff and the Class with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including correct hours worked, correct wages earned for hours worked, correct overtime hours worked, correct wages for meal periods that were not provided in accordance with California law, and correct wages for rest periods that were not authorized and permitted to take in accordance with California law).  As a result of these violations of California Labor Code § 226(a), Plaintiff and the Class suffered injury because, among other things:

(a)     the violations led them to believe that they were not entitled to be paid minimum wages, overtime wages, meal period premium wages, and rest period premium wages to which they were entitled, even though they were entitled;

(b)     the violations led them to believe that they had been paid the minimum, overtime, meal period premium, and rest period premium wages to which they were entitled, even though they had not been;

(c)     the violations led them to believe they were not entitled to be paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they were;

(d)     the violations led them to believe they had been paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they had not been;

(e)     the violations hindered them from determining the amounts of minimum, overtime, meal period premium, and rest period premium owed to them;

(f)     in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have

6

CLASS ACTION COMPLAINT

1   to perform mathematical computations to determine the amounts of wages

2   owed to them, computations they would not have to make if the wage

3   statements contained the required accurate information;

4   (g)   by understating the wages truly due them, the violations caused them to

5   lose entitlement and/or accrual of the full amount of Social Security,

6   disability, unemployment, and other governmental benefits;

7   (h)   the wage statements inaccurately understated the wages, hours, and wage

8   rates to which Plaintiff and the Class were entitled, and Plaintiff and the

9   Class were paid less than the wages and wage rates to which they were

10   entitled.

11   Thus, Plaintiff and the Class are owed the amounts provided for in California Labor Code §

12   226(e).

13   ## CLASS ACTION ALLEGATIONS

14   20.   Plaintiff brings certain claims individually, as well as on behalf of each and all

15   other persons similarly situated, and thus, seeks class certification under California Code of Civil

16   Procedure § 382.

17   21.   All claims alleged herein arise under California law for which Plaintiff seeks relief

18   authorized by California law.

19   22.   The proposed Class consists of and is defined as:

20   All persons who worked for any Defendants in California as an hourly-paid,
21   non-exempt employee at any time during the period beginning four years before
     the filing of the initial complaint in this action and ending when notice to the
22   Class is sent.

23   23. At all material times, Plaintiff was a member of the Class.

24   24. Plaintiff undertakes this concerted activity to improve the wages and working

25   conditions of all Class Members.

26   25. There is a well-defined community of interest in the litigation and the Class is readily

27   ascertainable:

28   (a)   <u>Numerosity</u>:  The members of the Class (and each subclass, if any) are so

7

1    numerous that joinder of all members would be unfeasible and impractical.

2    The membership of the entire Class is unknown to Plaintiff at this time,

3    however, the Class is estimated to be greater than 100 individuals and the

4    identity of such membership is readily ascertainable by inspection of

5    Defendants' records.

6    (b)  Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect

7    the interests of each Class Member with whom there is a shared, well-

8    defined community of interest, and Plaintiff's claims (or defenses, if any)

9    are typical of all Class Members' claims as demonstrated herein.

10   (c)  Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect

11   the interests of each Class Member with whom there is a shared, well-

12   defined community of interest and typicality of claims, as demonstrated

13   herein.  Plaintiff has no conflicts with or interests antagonistic to any Class

14   Member.  Plaintiff's attorneys, the proposed class counsel, are versed in

15   the rules governing class action discovery, certification, and settlement.

16   Plaintiff has incurred, and throughout the duration of this action, will

17   continue to incur costs and attorneys' fees that have been, are, and will be

18   necessarily expended for the prosecution of this action for the substantial

19   benefit of each class member.

20   (d)  Superiority:  A Class Action is superior to other available methods for the

21   fair and efficient adjudication of the controversy, including consideration

22   of:

23   1)  The interests of the members of the Class in individually

24   controlling the prosecution or defense of separate actions;

25   2)  The extent and nature of any litigation concerning the controversy

26   already commenced by or against members of the Class;

27   3)  The desirability or undesirability of concentrating the litigation of

28   the claims in the particular forum; and

CLASS ACTION COMPLAINT

       4)     The difficulties likely to be encountered in the management of a class action.

    (e)   <u>Public Policy Considerations</u>:  The public policy of the State of California is to resolve the California Labor Code claims of many employees through a class action.  Indeed, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are also fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

26. There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including without limitation, whether, as alleged herein, Defendants have:

    (a)   Failed to pay Class Members for all hours worked, including minimum wages, and overtime wages;

    (b)   Failed to provide meal periods and pay meal period premium wages to Class Members;

    (c)   Failed to authorize and permit rest periods and pay rest period premium wages to Class Members;

    (d)   Failed to promptly pay all wages due to Class Members upon their discharge or resignation;

    (e)   Failed to provide Class Members with accurate wages statements;

    (f)   Failed to maintain accurate records of all hours Class Members worked, and all meal periods Class Members took or missed; and

    (g)   Violated California Business & Professions Code §§ 17200 *et. seq.* as a result of their illegal conduct as described above.

27. This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure § 382 because:

(a)    The questions of law and fact common to the Class predominate over any question affecting only individual members;

(b)    A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

(c)    The members of the Class are so numerous that it is impractical to bring all members of the class before the Court;

(d)    Plaintiff, and the other members of the Class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the members of the Class for the injuries sustained;

(f)    Without class certification, the prosecution of separate actions by individual members of the class would create a risk of:

     1)    Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or

     2)    Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and,

(g)    Defendants have acted or refused to act on grounds generally applicable to

10

CLASS ACTION COMPLAINT

1     the Class, thereby making final injunctive relief appropriate with respect to

2     the class as a whole.

3         28. Plaintiff contemplates the eventual issuance of notice to the proposed members of the

4     Class that would set forth the subject and nature of the instant action.  The Defendants' own

5     business records may be utilized for assistance in the preparation and issuance of the

6     contemplated notices.  To the extent that any further notices may be required, Plaintiff would

7     contemplate the use of additional techniques and forms commonly used in class actions, such as

8     published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by

9     other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

10                        **FIRST CAUSE OF ACTION**

11        **(Against all Defendants for Failure to Pay Minimum Wages for All Hours Worked)**

12        29.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

13    paragraphs 1 through 20 in this Complaint.

14        30.    "Hours worked" is the time during which an employee is subject to the control of

15    an employer, and includes all the time the employee is suffered or permitted to work, whether or

16    not required to do so.

17        31.    At all relevant times herein mentioned, Defendants knowingly failed to pay to

18    Plaintiff and the Class compensation for all hours they worked.  By their failure to pay

19    compensation for each hour worked as alleged above, Defendants willfully violated the

20    provisions of Section 1194 of the California Labor Code, and any additional applicable Wage

21    Orders, which require such compensation to non-exempt employees.

22        32.    Accordingly, Plaintiff and the Class are entitled to recover minimum wages for all

23    non-overtime hours worked for Defendants.

24        33.    By and through the conduct described above, Plaintiff and the Class have been

25    deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

26        34.    By virtue of the Defendants' unlawful failure to pay additional compensation to

27    Plaintiff and the Class for their non-overtime hours worked without pay, Plaintiff and the Class

28    suffered, and will continue to suffer, damages in amounts which are presently unknown to

CLASS ACTION COMPLAINT

Plaintiff and the Class, but which exceed the jurisdictional minimum of this Court, and which will be ascertained according to proof at trial.

35.     By failing to keep adequate time records required by California Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of minimum wage compensation due Plaintiff and the Class.

36.     Pursuant to California Labor Code section 1194.2, Plaintiff and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

37.     California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month.  Throughout the statute of limitations period applicable to this cause of action, Plaintiff and the Class were entitled to be paid twice a month at rates required by law, including minimum wages.  However, during all such times, Defendants systematically failed and refused to pay Plaintiff and the Class all such wages due, and failed to pay those wages twice a month.

38.     Plaintiff and the Class are also entitled to seek recovery of all unpaid minimum wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 218.6, and 1194(a).

## SECOND CAUSE OF ACTION

### (Against all Defendants for Failure to Pay Overtime Wages)

39.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

40.     California Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

41.     California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law.  Additionally, California

12
CLASS ACTION COMPLAINT

1   Labor Code § 1198 states that the employment of an employee for longer hours than those fixed
2   by the Industrial Welfare Commission is unlawful.

3       42.    At all times relevant hereto, Plaintiff and the Class have worked more than eight
4   hours in a workday, as employees of Defendants.

5       43.    At all times relevant hereto, Defendants failed to pay Plaintiff and the Class
6   overtime compensation for the hours they have worked in excess of the maximum hours
7   permissible by law as required by California Labor Code § 510 and 1198.  Plaintiff and the Class
8   are regularly required to work overtime hours.

9       44.    By virtue of Defendants' unlawful failure to pay additional premium rate
10  compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the
11  Class have suffered, and will continue to suffer, damages in amounts which are presently
12  unknown to them but which exceed the jurisdictional minimum of this Court and which will be
13  ascertained according to proof at trial.

14      45.    By failing to keep adequate time records required by Labor Code § 1174(d),
15  Defendants have made it difficult to calculate the full extent of overtime compensation due to
16  Plaintiff and the Class.

17      46.    Plaintiff and the Class also request recovery of overtime compensation according
18  to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well
19  as the assessment of any statutory penalties against Defendants, in a sum as provided by the
20  California Labor Code and/or other statutes.

21      47.    California Labor Code § 204 requires employers to provide employees with all
22  wages due and payable twice a month.  The Wage Orders also provide that every employer shall
23  pay to each employee, on the established payday for the period involved, overtime wages for all
24  overtime hours worked in the payroll period.  Defendants failed to provide Plaintiff and the Class
25  with all compensation due, in violation of California Labor Code § 204.

26
27
28

CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**

**(Against All Defendants for Failure to Provide Meal Periods)**

48.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

49.     Under California law, Defendants have an affirmative obligation to relieve the Plaintiff and the Class of all duty in order to take their first daily meal periods no later than the start of Plaintiff and the Class' sixth hour of work in a workday, and to take their second meal periods no later than the start of the eleventh hour of work in the workday. Section 512 of the California Labor Code, and Section 11 of the applicable Wage Orders require that an employer provide unpaid meal periods of at least 30 minutes for each five-hour period worked.  It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any meal period mandated under any Wage Order.

50.     Despite these legal requirements, Defendants regularly failed to provide Plaintiff and the Class with both meal periods as required by California law.  By their failure to permit and authorize Plaintiff and the Class to take all meal periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted meal periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

51.     Under California law, Plaintiff and the Class are entitled to be paid one hour of additional wages for each workday he or she was not provided with all required meal period(s), plus interest thereon.

**FOURTH CAUSE OF ACTION**

**(Against All Defendants for Failure to Authorize and Permit Rest Periods)**

52.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 19 in this Complaint.

53.     Defendants are required by California law to authorize and permit breaks of 10 uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than two hours).  Section 512 of the California Labor Code, the applicable Wage Orders require that

14

1   the employer permit and authorize all employees to take paid rest periods of 10 minutes each for

2   each 4-hour period worked.  Thus, for example, if an employee's work time is 6 hours and ten

3   minutes, the employee is entitled to two rest breaks.  Each failure to authorize rest breaks as so

4   required is itself a violation of California's rest break laws.  It is a violation of Section 226.7 of

5   the California Labor Code for an employer to require any employee to work during any rest

6   period mandated under any Wage Order.

7        54.   Despite these legal requirements, Defendants failed to authorize Plaintiff and the

8   Class to take rest breaks, regardless of whether employees worked more than 4 hours in a

9   workday. By their failure to permit and authorize Plaintiff and the Class to take rest periods as

10  alleged above (or due to the fact that Defendants made it impossible or impracticable to take

11  these uninterrupted rest periods), Defendants willfully violated the provisions of Section 226.7 of

12  the California Labor Code and the applicable Wage Orders.

13       55.   Under California law, Plaintiff and the Class are entitled to be paid one hour of

14  premium wages rate for each workday he or she was not provided with all required rest break(s),

15  plus interest thereon.

16  **FIFTH CAUSE OF ACTION**

17  **(Against all Defendants for Failure to Pay Wages of Discharged Employees – Waiting Time**

18  **Penalties)**

19       56.   Plaintiff incorporates by reference and re-alleges as if fully stated herein

20  paragraphs 1 through 20 in this Complaint.

21       57.   At all times herein set forth, California Labor Code §§ 201 and 202 provide that if

22  an employer discharges an employee, the wages earned and unpaid at the time of discharge are

23  due and payable immediately, and that if an employee voluntarily leaves his or her employment,

24  his or her wages shall become due and payable not later than seventy-two (72) hours thereafter,

25  unless the employee has given seventy-two (72) hours previous notice of his or her intention to

26  quit, in which case the employee is entitled to his or her wages at the time of quitting.

27       58.   Within the applicable statute of limitations, the employment of Plaintiff and many

28  other members of the Class ended, i.e. was terminated by quitting or discharge, and the

15
CLASS ACTION COMPLAINT

1   employment of others will be.  However, during the relevant time period, Defendants failed, and

2   continue to fail to pay terminated Class Members, without abatement, all wages required to be

3   paid by California Labor Code sections 201 and 202 either at the time of discharge, or within

4   seventy-two (72) hours of their leaving Defendants' employ.

5         59.    Defendants' failure to pay Plaintiff and those Class members who are no longer

6   employed by Defendants their wages earned and unpaid at the time of discharge, or within

7   seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor

8   Code §§ 201 and 202.

9         60.    California Labor Code § 203 provides that if an employer willfully fails to pay

10   wages owed, in accordance with sections 201 and 202, then the wages of the employee shall

11   continue as a penalty wage from the due date, and at the same rate until paid or until an action is

12   commenced; but the wages shall not continue for more than thirty (30) days.

13         61.    Plaintiff and the Class are entitled to recover from Defendants their additionally

14   accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days

15   maximum pursuant to California Labor Code § 203.

16         62.    Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, Plaintiff and the

17   Class are also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs

18   incurred in this action.

19         **SIXTH CAUSE OF ACTION**

20      **(Against all Defendants for Failure to Provide and Maintain Accurate and**

21            **Compliant Wage Records)**

22         63.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

23   paragraphs 1 through 20 in this Complaint.

24         64.    At all material times set forth herein, California Labor Code § 226(a) provides that

25   every employer shall furnish each of his or her employees an accurate itemized wage statement

26   in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours

27   worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate

28   if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made

1    on written orders of the employee may be aggregated and shown as one item, (5) net wages

2    earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

3    employee and the last four digits of his or her social security number or an employee

4    identification number other than a social security number, (8) the name and address of the legal

5    entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and

6    the corresponding number of hours worked at each hourly rate by the employee.

7    65.    Defendants have intentionally and willfully failed to provide employees with

8    complete and accurate wage statements.  The deficiencies include, among other things, the

9    failure to correctly identify the gross wages earned by Plaintiff and the Class, the failure to list

10   the true "total hours worked by the employee," and the failure to list the true net wages earned.

11   66.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff

12   and the Class have suffered injury and damage to their statutorily-protected rights.

13   67.    Specifically, Plaintiff and the members of the Class have been injured by

14   Defendants' intentional violation of California Labor Code § 226(a) because they were denied

15   both their legal right to receive, and their protected interest in receiving, accurate, itemized wage

16   statements under California Labor Code § 226(a).

17   68.    Calculation of the true wage entitlement for Plaintiff and the Class is difficult and

18   time consuming.  As a result of this unlawful burden, Plaintiff and the Class were also injured as

19   a result of having to bring this action to attempt to obtain correct wage information following

20   Defendants' refusal to comply with many of the mandates of California's Labor Code and related

21   laws and regulations.

22   69.    Plaintiff and the Class are entitled to recover from Defendants the greater of their

23   actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or

24   an aggregate penalty not exceeding four thousand dollars per employee.

25   70.    Plaintiff and the Class are also entitled to injunctive relief, as well as an award of

26   attorney's fees and costs to ensure compliance with this section, pursuant to California Labor

27   Code § 226(h).

28

**SEVENTH CAUSE OF ACTION**

**(Against all Defendants for Violation of California Business & Professions Code §§ 17200,**

**et seq.)**

71.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

72.     Defendants, and each of them, are "persons" as defined under California Business & Professions Code § 17201.

73.      Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Class members, and to the general public.  Plaintiff seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

74.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq.*

75.     A violation of California Business & Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law.  All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business &Professions Code §§ 17200, *et seq.*

**Failure to Pay Minimum Wages**

76. Defendants' failure to pay minimum wages, and other benefits in violation of the California Labor Code constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

**Failure to Pay Overtime Wages**

77. Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code §§ 510, 1194, and 1198constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

18

CLASS ACTION COMPLAINT

**Failure to Maintain Accurate Records of All Hours Worked**

78. Defendants' failure to maintain accurate records of all hours worked in accordance with California Labor Code § 1174.5 and the IWC Wage Orders constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

**Failure to Provide Meal Periods**

79. Defendants' failure to provide meal periods in accordance with California Labor Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

**Failure to Maintain Accurate Records of Meal Periods**

80. Defendants' failure to maintain accurate records of employee meal periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

**Failure to Authorize and Permit Rest Periods**

81. Defendants' failure to authorize and permit rest periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq.*

**Failure to Provide Accurate Itemized Wage Statements**

82. Defendants' failure to provide accurate itemized wage statements in accordance with California Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

83. By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

84. Plaintiff and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

19

85.     Plaintiff, individually, and on behalf of members of the putative Class, are entitled to, and do, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiff and the Class are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

86.     Plaintiff, individually, and on behalf of members of the putative class, are further entitled to and do seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

87.     Plaintiff, individually, and on behalf of members of the putative class, have no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of members of the putative Class, suffered and will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

88.     Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other withholdings.

89.     Pursuant to California Business & Professions Code §§ 17200, *et seq*., Plaintiff and putative Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

**PRAYER FOR RELIEF**

Plaintiff, individually, and on behalf of all others similarly situated only with respect to the class claims, pray for relief and judgment against Defendants, jointly and severally, as follows:

Class Certification

1.     That this action be certified as a class action with respect to the First, Second, Third, Fourth, Fifth, Sixth, and Eighth Causes of Action;

2.   That Plaintiff be appointed as the representative of the Class; and

3.   That counsel for Plaintiff be appointed as Class Counsel.

As to the First Cause of Action

4.   That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 204 and 1194 and applicable IWC Wage Orders by willfully failing to pay all minimum wages due;

5.   For general unpaid wages as may be appropriate;

6.   For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

7.   For liquidated damages;

8.   For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

9.   For such other and further relief as the Court may deem equitable and appropriate.

As to the Second Cause of Action

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due;

11. For general unpaid wages at overtime wage rates as may be appropriate;

12. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

13. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

21

California Labor Code § 1194(a); and,

14. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Third Cause of Action</u>

15. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

16. For unpaid meal period premium wages as may be appropriate;

17. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

18. For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

19. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Fourth Cause of Action</u>

20. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

21. For unpaid rest period premium wages as may be appropriate;

22. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

23. For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

24. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Fifth Cause of Action</u>

25. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

26. For statutory wage penalties pursuant to California Labor Code § 203 for former employees who have left Defendants' employ;

27. For pre-judgment interest on any unpaid wages from the date such amounts were due;

28. For reasonable attorneys' fees and for costs of suit incurred herein; and

29. For such other and further relief as the Court may deem equitable and appropriate.

As to the Sixth Cause of Action

30. That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

31. For statutory penalties and actual damages pursuant to California Labor Code § 226(e);

32. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(h);

33. For reasonable attorneys' fees and for costs of suit incurred herein; and

34. For such other and further relief as the Court may deem equitable and appropriate.

As to the Seventh Cause of Action

35. That the Court declare, adjudge and decree that Defendants violated California Business & Professions Code §§ 17200, *et seq.* by failing to pay wages for all hours worked (including minimum and overtime wages), failing to provide meal periods, failing to maintain accurate records of meal periods, failing to authorize and permit rest periods, failing to maintain accurate records of all hours worked and meal periods, and failing to furnish accurate wage statements;

36. For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

37. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq.*;

38. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

39. For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code §§ 17200, *et seq.*; and,

23

1   40. For such other and further relief as the Court may deem equitable and appropriate.

2   <u>As to all Causes of Action</u>

3   41. For any additional relief that the Court deems just and proper.

4

5   Dated: July 8, 2021                    Respectfully submitted,

6                                          MOON & YANG, APC

7                              By: _____

8                                          Seung Yang
                                           Brett Gunther
9                                          Attorneys for Plaintiff

10

11                      <u>**DEMAND FOR JURY TRIAL**</u>

12   Plaintiff demands a trial by jury as to all causes of action triable by jury.

13

14   Dated: July 8, 2021                    MOON & YANG, APC

15                              By: _____

16                                          Seung Yang
                                           Brett Gunther
17                                          Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28